IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| ALIMICAR FLORES-RAMIREZ, | ) | |
| Petitioner, | ) | |
| v. | ) | CV 309-059 |
| WALT WELLS, Warden, | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate incarcerated at McRae Correctional Facility, in McRae, Georgia, has filed a petition under 28 U.S.C. § 2241 contesting the execution of his sentence of confinement. Respondent has filed a response to the petition. (Doc. no. 12). For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Petitioner's "Motion for Declaratory Judgment" be **DENIED** (doc. no. 13), that the petition be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent Wells.

### I. BACKGROUND

On August 20, 2004, Petitioner was sentenced in the United States District Court for the Northern District of Georgia to a term of 24 months of imprisonment for a supervised release violation. See United States v. Flores-Ramirez, CR 497-005, doc. nos. 28, 29 (N.D. Ga. Aug. 20, 2004). Several months later, on April 1, 2005, Petitioner was sentenced in the same district to a term of 77 months of imprisonment for illegal re-entry following

deportation. See United States v. Flores-Ramirez, CR 404-046, doc. nos. 28, 29 (N.D. Ga. Apr. 1, 2005). On April 27, 2005, an amended judgment was entered in the second case directing that Petitioner's 77-month sentence run concurrently with his 24-month sentence. Id., doc. no. 33. Petitioner filed this § 2241 petition, asserting that the Bureau of Prisons ("BOP") has incorrectly calculated his two aggregate federal sentences. According to Petitioner, both of his sentences should run concurrent with each other with coterminous start date of August 20, 2004. (Doc. no. 1, pp. 2-4, 5). More specifically, Petitioner contends that his 77-month sentence imposed on April 1, 2005, should actually be calculated to start on August 20, 2004, the date his 24-month sentence was imposed. (Id.). According to Petitioner's calculations, he should have been released on September 11, 2009. (Doc. no. 13, p. 1).

The Court directed service to be effected on Respondent and instructed Respondent to show cause why Petitioner's writ should not be granted by filing a response within twenty (20) days of the date of service. (Doc. no. 2). The Court later granted Respondent's timely request for an extension to file its response to the § 2241 petition. (Doc. nos. 6, 7). In his response, Respondent asserts that Petitioner's sentence has been calculated correctly and argues that the § 2241 petition should therefore be denied. (See generally doc. no. 12).

## II. DISCUSSION

A.    "Motion for Declaratory Judgment"

Before addressing the merits of the § 2241 petition, the Court first addresses Petitioner's "Motion for Declaratory Judgment," which the Court has construed as a motion for entry of default, as Petitioner has essentially requested that judgment be entered in his

2

favor based on his belief that no response to his petition has been filed. See Fed. R. Civ. P. 55(a) (noting that entry of default must be made "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend"). Despite Petitioner's assertion to the contrary, the record reflects that Respondent has filed a timely response to the § 2241 petition. As noted above, this Court directed service of process on September 21, 2009, and instructed Respondent to file his response within twenty (20) days of the date of service. (See doc. no. 2). The United States Attorney's Office and Respondent Wells were served on October 8, 2009 (doc. nos. 8, 9), and the United States Attorney General was served on October 15, 2009, (doc. no. 10).

Under Fed. R. Civ. P. 4(i), service on the United States is properly accomplished by delivering a copy of the summons and complaint, or in this case, the petition for a writ of habeas corpus, to the United States Attorney or his designated representative in the district where the action is brought, or by sending a copy of the same by registered or certified mail to the civil process clerk at the United States Attorney's Office. Fed. R. Civ. P. 4(i)(1)(A)(i)-(ii). Such service was properly accomplished under the Federal Rules on October 8, 2009, and Respondent's return was therefore due on October 28, 2009. On October 15, 2009, Respondent timely requested an extension of time to file his response (see doc. no. 6),[1] and the Court granted Respondent until November 28, 2009 to file his response to the § 2241 petition, (see doc. no. 7). Respondent proceeded to file his response on November 25, 2009. Thus, no default has occurred.

---

[1] See Fed. R. Civ. P. 6(b)(1)(A) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . if a request is made[] before the original time or its extension expires . . . .").

3

Furthermore, Petitioner's argument that he is entitled to an entry of default is without merit because, for obvious reasons, "default judgment is not contemplated in habeas corpus cases." Aziz v. Leferve, 830 F.2d 184, 187 (11th Cir. 1987). Moreover, default is a drastic remedy appropriate in only the most extreme of circumstances. The Court respects "the usual preference that cases be heard on the merits rather than resorting to sanctions that deprive a litigant of his day in court." Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1316-17 (11th Cir. 2002). In sum, default in this case has not occurred, and even if it had, such a judgment would be manifestly unjust and will not be contemplated by the Court. Accordingly, the Court **REPORTS** and **RECOMMENDS** that Petitioner's "Motion for Declaratory Judgment" be **DENIED**. (Doc. no. 13).

### B. Merits of the § 2241 Petition

Turning to the merits of the petition, as discussed above, Petitioner contends that both of his federal sentences should be calculated to run concurrently, with the same start date of August 20, 2004, the date his 24-month sentence was imposed. On the other hand, Respondent argues that the BOP has correctly calculated Petitioner's sentence because a sentence cannot commence prior to the date it is imposed. Respondent has the better argument.

As noted by Respondent, the crux of this case turns on the meaning of the word "concurrent." Petitioner believes that because he was sentenced to concurrent terms of imprisonment, his 77-month sentence should be calculated to run from the date his 24-month sentence was imposed. However, the Eleventh Circuit has held that a federal sentence cannot commence prior to the date it is pronounced. See Coloma v. Holder, 445 F.3d 1282, 1284

4

(11th Cir. 2006) (quoting United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980)). In Coloma, the petitioner had been sentenced on different charges in two separate federal proceedings, and the district court sentencing him on the second charge directed that his sentences run concurrently. Id. at 1283. On appeal, Coloma made a very similar argument to the one Petitioner here makes, contending that since his sentences were ordered to run concurrently, the second sentence should have the same start date as the first sentence. Id. In discussing the meaning of the word "concurrent" in this context, the Eleventh Circuit stated as follows:

> Whatever else the word means with regard to the second sentence, ... it does not mean that the two sentences "hav[e] the same starting date because a federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served.

Id. at 1284 (quoting Flores, 616 F.2d at 841). Therefore, the appellate court concluded that Coloma's sentence had been calculated correctly and affirmed the denial of his § 2241 petition. Id. at 1286.

The Court also finds persuasive the following explanation of the word "concurrent" given by another court in addressing the issue presented by Petitioner:

> Precedent . . . confirms that a federal sentence made concurrent with a sentence already being served does not operate in a "fully concurrent" manner. Rather, the second sentence runs together with *the remainder* of the one then being served. *In other words, when a sentence is ordered to be concurrent with a pre-existing sentence, it only means that the inmate does not have to fully complete the pre-existing sentence before starting to serve time on the newly imposed sentence.*

Shelvy v. Whitfield, 718 F.2d 441, 444 (D.C. Cir. 1983) (second emphasis added) (citing Flores, 616 F.2d at 841 and Wilson v. Henderson, 468 F.2d 582, 584 (5th Cir. 1972)). Notably, the holdings of Coloma and Shelvy are in accordance with 18 U.S.C. § 3585(a),

which states that "a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."

Based on the relevant case law and statute discussed above, the Court finds that Petitioner's sentence has been calculated correctly by the BOP. Petitioner correctly asserts that his sentences were ordered to run concurrent with one another. However, this does not mean that his 77-month sentence should have the same starting date as his 24-month sentence. Rather, as explained in Shelvy, the determination that Petitioner's sentences were to run concurrently meant Petitioner began serving his 77-month sentence on the day it was imposed, and he did not have to complete the remainder his 24-month sentence before beginning to serve his 77-month sentence. Accordingly, the Court finds that Petitioner's sentence has been calculated correctly, and he is not entitled to the relief he seeks.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Petitioner's "Motion for Declaratory Judgment" be **DENIED** (doc. no. 13), that the petition be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent Wells.

SO REPORTED and RECOMMENDED this 14th day of January, 2010, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE